United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-40533
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRISTOBAL RAFAEL-QUERIAPA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-856-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Cristobal Rafael-Queriapa appeals his conviction and
sentence for illegal reentry of an alien after having been
deported.  He argues that the provisions of 8 U.S.C. § 1326(b)
are unconstitutional in light of Apprendi v. New Jersey, 530 U.S.
466 (2000) and that his indictment should have reflected a prior
conviction.  He also argues that his sentence is unconstitutional
under United States v. Booker, 125 S. Ct. 738 (2005), because it
was imposed pursuant to a mandatory guidelines scheme.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rafael's arguments that the provisions of 8 U.S.C. § 1326(b) are unconstitutional and that the prior conviction should have been charged in his indictment are foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998).

Rafael challenges the <u>Booker</u> error as structural in nature and argues that prejudice should be presumed. This court rejected that argument in <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005). Our review is for plain error. <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517); <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556).

The district court committed error that is plain by sentencing Rafael under a mandatory sentencing guidelines scheme. <u>Valenzuela-Quevedo</u>, 407 F.3d at 733. However, Rafael fails to carry his burden of showing that this error affected his substantial rights. <u>Id.</u> at 733-34. The district court made no comments indicating that it would have imposed a lesser sentence in the absence of mandatory guidelines. Accordingly, the judgment of the district court is AFFIRMED.